**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Charmaigne T Scanes,

Plaintiff,

v.

DR Horton Incorporated, et al.,

Defendants.

No. CV-26-00886-PHX-DJH

**ORDER**

Before the Court are three Motions to Dismiss filed by Defendants (1) Midland Credit Management, Inc. and Midland Funding LLC; (2) Velocity Investments LLC; and (3) D.R. Horton, Inc., Alison Dosek and Vonda K. Fox, and DHI Mortgage Company GP, Inc. (Docs. 46, 47 & 49, respectively). This matter was referred to United States Magistrate Judge Michael T. Morrissey on March 3, 2026, for all pretrial proceedings. (Doc. 40). On September 4, 2026, Judge Morrissey issued a Report and Recommendation ("R&R") recommending that the Court grant each of the Defendants' Motions to Dismiss Plaintiff's First Amended Complaint without leave to amend. (Doc. 79 at 9).

Judge Morrissey advised the parties that they had fourteen days to file objections to the R&R. (*Id.*) *Pro se* Plaintiff Charmaigne T. Scanes ("Plaintiff") timely filed her Objection, requesting the Court reject the R&R and deny Defendants' Motions to Dismiss in their entirety, or, alternatively, grant Plaintiff leave to amend. (Doc. 80 at 3). Defendants filed their Responses to Plaintiff's Objections (Docs. 84, 87 & 89). Plaintiff also filed a Motion for Leave to File a Second Amended Complaint and Defendants filed their

Responses (Docs. 81, 85, 86 & 88). The Court finds that the R&R should be accepted and will adopt it as the Order of the Court.

## I. Background

The R&R provides a detailed recitation of the factual and procedural history in this matter. (Doc. 79 at 1–2). None of the Parties object, so the Court adopts the facts set forth in the R&R. For context, Plaintiff asserts claims (1) under the Fair Credit Reporting Act ("FCRA") against Defendants DHI Mortgage Company ("DHI"), Midland Credit Management, Inc. and Midland Funding LLC (together, "Midland"), and Velocity Investments, LLC ("Velocity"); (2) under the Fair Debt Collection Practices Act ("FDCPA") against Defendants Midland and Velocity; (3) for negligence or negligent misrepresentation and invasion of privacy against Defendants DHI and DHI employees Alison Dosek and Vonda K Fox; and (4) for civil conspiracy against all Defendants, including D.R. Horton, Inc.

## II. Legal Standard

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo portions of the report, findings, or recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*," but is not otherwise required to do so. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). However, a mere restatement of the arguments that were presented to the magistrate judge is not a proper objection for purposes of de novo review. *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) (objections "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge"). Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error. *See Tinlin v. Hudson*, 2025 WL 2468802, at *1 (D. Ariz. Aug. 7, 2025).

## III. Discussion

Plaintiff raises six objections to the R&R, none of which are persuasive.[1] (Doc. 80 at 1–3). For these reasons discussed, the Court adopts the R&R in full.

Plaintiff first makes a general objection that the R&R "improperly drew inferences against" her. (Doc. 80 at 1). Plaintiff does not identify any factual allegations the R&R overlooked. Still, the Court construes this as Plaintiff arguing the Magistrate Judge applied the incorrect legal standard. Each Defendant moved to dismiss on the grounds that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docs. 46, 47 & 49). The R&R identified and applied the correct legal standard when it concluded that Plaintiff failed to state a claim as to each of her claims. (*See* Doc. 79 at 3). That the R&R ruled against Plaintiff does not mean it made improper "inferences against" her. Plaintiff's baseless and conclusory objection is overruled.

Plaintiff's second objection is premised on her mistaken belief that the R&R determined Defendant DHI was not a furnisher. (Doc. 80 at 2–3). Nowhere does the R&R make such a conclusion, so this objection is overruled.

Plaintiff's third and fifth objections reiterate the argument already raised in her Response: the FAC alleges sufficient facts as to her negligence and civil conspiracy claims. (*See* Docs. 60 at 5 & 80 at 2–3). The R&R already considered this argument and concluded otherwise. (Doc. 79 at 5–7). Plaintiff merely disagrees with the R&R and does not provide any factual or legal authority to support the assertion that the Magistrate Judge erred. Plaintiff's objections are therefore overruled.

Plaintiff's fourth objection is that the R&R failed to determine whether she stated a claim for common law intrusion upon seclusion. (Doc. 80 at 2). As the R&R noted, Plaintiff's common law invasion of privacy claim was based on her allegations that Defendants DHI, Dosek, and Fox improperly *disclosed* her private information.

---

[1] Plaintiff did not object to the R&R's analyses as to her FDCPA and negligent misrepresentation claims. (*See* Doc. 80). By failing to object to these portions of the R&R, Plaintiff waives any objections. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) ("failure to object to a magistrate judge's factual findings waives the right to challenge those findings").

(*See* Docs. 39 at 4 & 79 at 6). Plaintiff argues the R&R erred because she did not authorize Defendants DHI, Dosek, and Fox to *access* her private information in the first place. (Doc. 80 at 2). This self-serving allegation is contradicted by the FAC where she states that she provided her private information to these Defendants, specifically Dosek. (Doc. 39 at 4). Plaintiff cannot object on the basis of a factual allegation that "directly contract[s]" her earlier allegation. *See Morales v. City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 847 (N.D. Cal. 2022) (plaintiff cannot "amend pleadings to directly contradict an earlier assertion made in the same proceeding"). This objection is overruled.

Plaintiff's sixth and final objection contends the R&R erred in denying leave to amend because she can add factual allegations to address the deficiencies identified in the R&R. (Doc. 80 at 3). The R&R reasoned that Plaintiff already had an opportunity to amend yet the FAC "continue[d] to suffer from the same fundamental deficiencies." (Doc. 79 at 8). The R&R concluded the FAC "relie[d] substantially on speculation and conclusory assertions," and amendment was futile because the deficiencies "could [not] reasonably be cured through more precise pleading." (*Id.*) Plaintiff's objection is unpersuasive for the reasons discussed above. Notably, the Court has reviewed Plaintiff's proposed Second Amended Complaint ("SAC") (Doc. 82) and finds that it still fails to the address the deficiencies identified, thus supporting the R&R's conclusion that amendment would be futile.[2] Therefore, Plaintiff's sixth objection is overruled.

Next, Plaintiff filed her Motion for Leave to File her SAC and lodged the proposed SAC (Docs. 81 & 82). The proposed SAC adds seven new claims and eliminates Plaintiff's FDCPA claim.[3] (Doc. 82 at 5–9). However, the proposed SAC raises the substantially

[2] Plaintiff filed her Motion for Leave to File her SAC and lodged the proposed SAC after the Magistrate Judge already issued his R&R (Docs. 81 & 82). Because the R&R recommended denying leave to amend and Plaintiff purports the proposed SAC addresses the deficiencies identified therein, the Court will consider the proposed SAC to determine whether the R&R erred. *See United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000) (adopting First and Fifth Circuits' rule that a "district court has discretion, but is not required, to consider evidence" presented for the first time" when a party objects "to a magistrate judge's recommendation") (citations omitted).

[3] Plaintiff adds claims under the Gramm-Leach-Bliley Act, Equal Credit Opportunity Act, Real Estate Settlement Procedures Act, Truth in Lending Act, Federal Identity Theft, Invasion of Privacy (Intrusion Upon Seclusion), Consumer Fraud, A.R.S. § 44-1522, and

same factual allegations in the FAC and, as already stated, still fails to address the deficiencies identified in the R&R. The Court denies her Motion (Doc. 81).

Finally, because the Court adopts the R&R in full, the Court denies Plaintiff's "Motion for Court-Ordered Settlement Conference/Early Neutral Evaluation" (Doc. 68).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 79) is **ACCEPTED** and **ADOPTED**. Plaintiff's Objections (Doc. 80) are overruled.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. 46, 47 & 49) are **GRANTED**. Plaintiff's First Amended Complaint (Doc. 39) is **DISMISSED** without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Court-Ordered Settlement Conference/Early Neutral Evaluation" (Doc. 68) and Motion for Leave to File Second Amended Complaint (Doc. 81) are **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court is kindly directed to terminate this action and enter judgment accordingly.

Dated this 10th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

Identity Theft, A.R.S. § 13-2008. (Doc. 82 at 5–9).